Fill in this information to identify your case:

Debtor 1: **Cathy Prater Griffin**
Name: First   Middle   Last

Debtor 2 (Spouse, if filing):
Name: First   Middle   Last

Case number: 23-70521-13
(If known)

Check if this is an amended plan ☑
Amends plan dated: 5/15/23

# Chapter 13 Plan

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☐ The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☐ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.

☑ The plan sets out nonstandard provision(s) in Part 9.

## Part 2: Plan Payments and Length of Plan

2.1 Debtor(s) will make regular payments to the trustee as follows:

**$412** per **Month** for **60** months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

2.2 Regular payments to the trustee will be made from future income in the following manner (*check all that apply*):

☐ Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to:

☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment)

2.3 **Income tax refunds and returns.** *Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.

☐ Debtor(s) will treat income tax refunds as follows:
**The non-exempt portion of the Debtor(s) tax refund(s) will be committed to the Plan as Disposable Income on Schedule I.**

☑ Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

2.4 **Additional Payment** *Check all that apply.*

☐ None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☑ Debtor(s) will make additional payment(s) to the trustee from proceeds of claim(s), cause(s) of action, lawsuit(s), settlement(s), or judgment award(s), as specified below:
**ANY ESTATE CAUSES OF ACTION. Non-exempt proceeds of estate causes of action that remain after satisfaction of any and all attorneys' fees and expenses, lien claims, and subrogation claims payable therefrom shall be disbursed in the following sequence: (1) in payment of the percentage fee currently due the Trustee, (2) pro rata to holders of nonpriority unsecured claims not separately classified by the Plan up to 100 percent of the total allowed amount of such claims, (3) in the sequence specified by the applicable Administrative Order, and (4) the balance, if any, to the Debtor(s).**

☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment:

2.5 **Adequate Protection Payments**

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

## Part 3: Treatment of Secured Claims

3.1 Maintenance of payments and cure of defaults, if any, on long-term secured debts. *Check one.*

☐ None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ Debtor(s) or trustee will maintain the current contractual installment payments on the secured claims listed below. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim, amended proof of claim, or notice of payment change control over any contrary amounts listed below as to the estimated amount of the creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Collateral | Estimated Amount of Creditor's Total Claim | Current Installment Payment (including escrow) | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment on Arrearage to Begin |
|---|---|---|---|---|---|---|---|
| Rushmore Loan Management/ US Bank National POC 1 | 10408 Beulah LK Cottondale, AL 35453 | $18,483.46 | $260.70 Disbursed by: Trustee To Begin: June 2023 | $2,243.59 | 9 | $42.00 | The 1st month after confirmation |

3.2 Request for valuation of security, claim modification, and hearing on valuation. *Check one.*

☑ None. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3   Secured claims excluded from 11 U.S.C. § 506 and fully secured claims. *Check one.*

☑   None. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4   Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance. *Check all that apply.*

☑   None. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5   Surrender of collateral. *Check one.*

☑   None. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4: Treatment of Fees and Priority Claims

4.1   General

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

4.2   Chapter 13 case filing fee. *Check one.*

☑ Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.
☐ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

4.3   Attorney's fees.

The total fee requested by Debtor(s)' attorney is $**3,500.00**. The amount of the attorney fee paid prepetition is $**0.00**.
The balance of the fee owed to Debtor(s)' attorney is $**3,500.00**, payable as follows (*check one*):

☑ **AO 22-04 AVAILABLE FUNDS at confirmation, then $70 per month thereafter until paid in full.**

☐ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

4.4   Priority claims other than attorney's fees and domestic support obligations. *Check one.*

☑   None. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

4.5   Domestic support obligations. *Check one.*

☑   None. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

5.1   Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

5.2   Percentage, Base, or Pot Plan. *Check one.*

☑   100% Repayment Plan. Due to the liquidation value this plan proposes to pay 100% of each allowed nonpriority unsecured claim.
☐   Percentage Plan. This plan proposes to pay ____% of each allowed nonpriority unsecured claim.
☐   Pot Plan. This plan proposes to pay $____, distributed pro rata to holders of allowed nonpriority unsecured claims.
☐   Base Plan. This plan proposes to pay $____ to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan

5.3   Interest on allowed nonpriority unsecured claims not separately classified. *Check one.*
☐   None. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*
☑   This plan proposes to pay interest at an annual rate of **6.00**% on allowed nonpriority unsecured claims.

Debtor    **Cathy Prater Griffin**           Case number _____    Eff (01/01/2019)

5.4    **Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

☑    **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

5.5    **Other separately classified nonpriority unsecured claims.** *Check one.*

☑    **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

6.1    **The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured.** *Check one.*

☑    **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

6.2    **The executory contracts and unexpired leases listed below are rejected:** *Check one.*

☑    **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

### Part 7: Sequence of Payments

7.1    Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.

### Part 8: Vesting of Property of the Estate

8.1    Property of the estate will vest in Debtor(s) *(check one)*:

☑    Upon plan confirmation.

☐    Upon entry of Discharge

### Part 9: Nonstandard Plan Provisions

☐    **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

☑    **Nonstandard provisions.** *Nonstandard provisions are required to be set forth below. Nonstandard provisions set out elsewhere in this plan are ineffective. A nonstandard provision is a provision not otherwise included in this district's Local Form or deviating from it. These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked.*

Debtor (i) will pay all pre and post-petition electric service charges in lieu of posting a deposit under 11 U.S.C. § 366 and (ii) acknowledges that 11 U.S.C. § 362 will not prohibit collection of these debts by APCO.

Debtor **Cathy Prater Griffin**   Case number _____   Eff (01/01/2019)

## Part 10: Signatures:

Signature(s) of Debtor(s) required.

Signature(s) of Debtor(s) *(required)*:

X *Cathy Prater Griffin*   Date 8-3-23
   Cathy Prater Griffin

X _____   Date _____

Signature of Attorney for Debtor(s):
X *[signature]*   Date 8-3-23-
   Marshall A. Entelisano ENT001
   701 22nd Avenue
   Suite 2
   Tuscaloosa, AL 35401
   205-752-1202

Name/Address/Telephone/Attorney for Debtor(s):

By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.

# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

In re: §
Cathy Prater Griffin, § Case No. 23-70521-13-JHH
 §
Debtor(s). § Chapter 13
 §

## CERTIFICATE OF SERVICE

This is to certify that on the 3rd day of Aug 2023, I have served a copy of the following:

☒ Chapter 13 Plan dated 3rd day of Aug 2023

☒ Confirmation Hearing is scheduled for the 12th day of Sept 2023 at 1:00 p.m. at the Bankruptcy Court for the Northern District of Alabama, Western Division located at 2005 University Blvd., Room 2600, Tuscaloosa, AL 35401

on the parties listed below and on the attached Matrix by depositing a copy of the same in the United States Mail, postage prepaid and properly addressed, or if the party being served is a registered participant in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, service has been made by a "Notice of Electronic Filing" as set forth below pursuant to FRBP 9036 in accordance with Paragraph II.B.4 of the Court's Administrative Procedures.

The Standing Chapter 13 Trustee, C. David Cottingham, and the Bankruptcy Administrator for the United States Bankruptcy Court for the Northern District of Alabama, J. Thomas Corbett, and the Assistant Bankruptcy Administrator for the United States Bankruptcy Court for the Northern District of Alabama, Western Division, Rachel Webber, have standing and are registered participants in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, and service thereon has been made by a "Notice of Electronic Filing" as set forth below pursuant to FRBP 9036 in accordance with Paragraph II.B.4 of the Court's Administrative Procedures.

/s/ *Marshall A. Entelisano*
Marshall A. Entelisano, P.C.
Marshall A. Entelisano (ENT001)
Attorney for Debtor(s)
701 22nd Avenue, Suite 2
Tuscaloosa, AL 35401
205-752-1202 Telephone
205-752-1203 Facsimile
marshall@marshall-lawfirm.com

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ALABAMA - WESTERN DIVISION

**In the Matter of:**

Cathy Prater Griffin  }  Case No: 23-70521-JHH13
SSN: XXX-XX-3506  }
    DEBTOR(S).  }
  }
  }

## ORDER AND NOTICE OF HEARING

This matter came before the Court on Tuesday, August 01, 2023 01:00 PM, for a hearing on the following:

  Confirmation Hearing

Proper notice of the hearing was given and appearances were made by the following:

  Josh Johnson, Staff Attorney for Trustee

**It is therefore ORDERED, ADJUDGED and DECREED that:**

Based on the filings, evidence, and all other matters before the court, and for the reasons stated on the record of the hearing:

(A) The hearing to consider confirmation of the debtor(s)' chapter 13 plan (as the same may be amended) and any filings referenced above is rescheduled for September 12, 2023 at 1:00 p.m. in Room 2600, Federal Courthouse, 2005 University Boulevard, Tuscaloosa, Alabama.

(B) The debtor(s) are allowed until August 15, 2023 to file an amended chapter 13 plan (an "Amended Plan"). Unless and until the debtor(s) file an Amended Plan, the debtor(s)' current chapter 13 plan (the "Current Plan") shall remain operative; the debtor(s) shall make the regular plan payments specified by the Current Plan; and the chapter 13 trustee shall make the pre-confirmation disbursement(s) provided for by the Current Plan, if any (so long as the pre-confirmation disbursement(s) are authorized by statute, rule, or order).

Dated: 08/02/2023

/s/ JENNIFER H. HENDERSON
JENNIFER H. HENDERSON
United States Bankruptcy Judge

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1126-7<br>Case 23-70521-JHH13<br>NORTHERN DISTRICT OF ALABAMA<br>Tuscaloosa<br>Thu Aug  3 15:22:39 CDT 2023 | U. S. Bankruptcy Court<br>2005 University Blvd., Room 2300<br>Tuscaloosa, AL 35401-1546 | Alabama Power Company<br>c/o Teresa Black, Registered Agent<br>600 North 18th Street<br>Birmingham, AL 35203-2200 |
| (p)EQUIFAX INC<br>1550 Peachtree Street NE<br>Atlanta, GA 30309 | EXPERIAN<br>P O Box 4500<br>Allen, TX 75013-1311 | Internal Revenue Service<br>Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Rachel Webber<br>Office of Bankruptcy Administrator<br>2005 University Blvd Room 1300<br>Tuscaloosa, AL 35401-1526 | Richard O'Neal<br>Asst. U.S. Atty.<br>1801 4th Avenue North<br>Birmingham, AL 35203-2101 | Rushmore Loan Management<br>15480 Laguna Canyon Road<br>Suite 100<br>Irvine, CA 92618-2132 |
| (p)STATE OF ALABAMA DEPARTMENT OF REVENUE<br>P O BOX 320001<br>MONTGOMERY AL 36132-0001 | TRANSUNION, LLC<br>Post Office Box 1000<br>Attn: Legal Department<br>Chester, PA 19016-1000 | Thomas Corbett<br>Bankruptcy Administrator<br>505 20th St N Ste 1<br>Birmingham, AL 35203-2110 |
| U.S. Bank National Association, et al.<br>Rushmore Loan Management Services, LLC<br>Bankruptcy Department<br>P.O. Box 55004<br>Irvine, CA 92619-5004 | C David Cottingham<br>Chapter 13 Standing Trustee<br>701 22nd Avenue, Suite 4<br>P O Drawer 020588<br>Tuscaloosa, AL 35402-0588 | Cathy Prater Griffin<br>10408 Beulah Lake Road<br>Cottondale, AL 35453-2384 |
| Marshall Entelisano<br>Marshall A. Entelisano, P.C.<br>701 22nd Ave<br>Suite 2<br>Tuscaloosa, AL 35401-1857 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| EQUIFAX<br>Post Office Box 740241<br>Attn: Legal Department<br>Atlanta, GA 30374-0241 | State of Alabama<br>AL Dept of Revenue<br>Legal Division PO Box 320001<br>Montgomery, AL 36132-0001 | End of Label Matrix<br>Mailable recipients   15<br>Bypassed recipients    0<br>Total                 15 |